**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DANIEL BERULIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 1:26-cv-01319-RC |
| ELON MUSK, | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * *

**PLAINTIFF'S MOTION FOR SERVICE**

**IN THE ALTERNATIVE**

Plaintiff, Daniel J. Berulis, respectfully requests that this Court grant an order authorizing service of process on Defendant, Elon Musk, by an alternative means. The method of service would be pursuant to Federal Rule of Civil Procedure 4, section E, subsection 1 in order to incorporate District of Columbia Superior Court Rule of Civil Procedure 4, section E, subsection 3, or in the alternative Texas Rules of Civil Procedures rule 106 Section B. To satisfy the requirements of the proposed rules Plaintiff states the following under penalty of perjury showing that despite diligent and repeated efforts, Plaintiff has been unable to achieve personal service on Defendant and that service has been attempted at both work and home locations but has not been successful. Plaintiff proposes that alternative service is warranted and would be reasonably calculated, under all the circumstances, to apprise Defendant of the complaint while affording him an opportunity

RECEIVED
JUNE 15 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

to respond.

## PREVIOUS ATTEMPTS

1) Multiple service attempts were made at Defendant's residential address provided to the state of Texas, based on Defendant's Texas driver's license record issued June 30th, 2020. Out of respect for Defendant's expected privacy the home address is not included in this motion and in the sworn affidavits from the process server it's redacted however a notice will accompany this filing named "Defendants Address According to Texas DMV Records" containing his address filed with the respectful request of being sealed pursuant to LCvR 5.1.

a)  On May 28th, 2026, at 7:40 a.m. CDT, certified process server Gerardo Chavez (PSC No. 9908) attempted personal service at the Defendant's address on file with the state of Texas. Mr. Chavez was blocked and unable to access the property because access was restricted to residents and guests only. The property is located within a private, gated community. Exhibit 1A attached. (Declaration of Due Diligence, May 28th, 2026).

b)  On May 30th, 2026, at 12:55 p.m. CDT, Mr. Chavez made a second attempt at the same residential address. He was again unable to access the property due to the same gated restriction. Exhibit 1B (Declaration of Due Diligence, May 30th, 2026) .

c)  On June 2nd, 2026 at 6:10PM CDT, certified process server Aurelio Chavez (PSC No. 15740) made a third attempt at the same residential address. This attempt he was able to get past the gate by following a vehicle in. However when he arrived

at the address listed with the Texas DMV for Defendant he was met by a woman who claimed Defendant did not live there. He noted a cybertruck in the driveway which came back registered to Space Exploration Technologies. Exhibit 1C (Affidavit of Due Diligence, June 2nd, 2026).

2) Service was attempted at Defendant's corporate address that, upon information and belief, was tied to Starlink, a SpaceX subsidiary, as referenced in the Complaint.

   a) On May 26th, 2026, at 3:45 p.m. CDT, certified process server John D. Lawrence (PSC No. 15777) attempted personal service at 500 Center Ridge Drive, Austin, Texas 78753, the business address for Starlink, a SpaceX subsidiary, as referenced in the Complaint. Service was unsuccessful because the address information available to Plaintiff was inaccurate. Exhibit 1D (Return of Due Diligence, May 26th, 2026).

3) In parallel, Plaintiff attempted outreach to Defendant's known legal counsel.

   a) Attorneys Alex Spiro and John Bash at Quinn Emanuel Urquhart & Sullivan, LLP have represented Defendant in multiple proceedings in civil cases of the same nature and that representation is active today. Mr. Spiro is currently lead trial counsel for Defendant in Pampena v. Musk, No. 3:22-cv-05937-CRB (N.D. Cal.), where the court denied a motion to disqualify him in December 2025 and trial proceeded in March 2026. Mr. Spiro previously defended Defendant through a jury verdict in the defamation case Unsworth v. Musk, No. 2:18-cv-08048 (C.D. Cal. 2019). Mr. Bash and Mr. Spiro both appeared for Defendant in the defamation case Brody v. Musk, No. D-1-GN-23-006883 (Travis County District

Court, Texas). Plaintiff sent emails to attorney Alex Spiro and to attorney John Bash at their Quinn Emanuel publicly listed intake email addresses inquiring about their potential acceptance of service of process on behalf of Defendant. No response has been received as of the date of this filing.

b) Plaintiff also placed a telephone call to Quinn Emanuel's main line, asked to be transferred to Alex Spiro's office, and left a voicemail asking if he was authorized to accept service on behalf of Defendant. This communication also did not receive a response. (Declaration In Support Of Motion For Service In The Alternative).

## STATEMENT OF IMPRACTICABILITY

Plaintiff believes these attempts establish that continuing traditional service would be impracticable. The residential address is protected by a gated community that twice prevented any approach. On the single occasion the gate was passed, the occupant denied Defendant lived there despite a vehicle registered to Defendant's company sitting in the driveway. The corporate address available to Plaintiff proved inaccurate. Defendant's known counsel has not responded to any inquiry about accepting service. Each avenue of traditional service has failed for reasons that will not change with repeated attempts and they would impose additional cost and delay while producing the same result.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4, section E, subsection 1 states that an individual may be served in a judicial district of the United States by '*following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.*' Federal Rule of Civil Procedure 81,

section D subsection 2 clarifies that the term state includes the District of Columbia. This Court is located in the District of Columbia, so District of Columbia law is available to authorize service. Texas law is also available because service would be made in Texas.

District of Columbia Superior Court Rule of Civil Procedure 4, section E, subsection 3 states '*If the court determines that, after diligent effort, a party has been unable to accomplish service by a method prescribed in Rule 4(c) or (e)(1)-(2), the court may permit an alternative method of service that the court determines is reasonably calculated to give actual notice of the action to the party to be served*.' The rule lists examples of alternative methods that include delivering a copy to the individual's employer, transmitting a copy by email under certain conditions, or any other manner that the court determines is reasonably calculated to give actual notice.

### REQUEST OF THE COURT AND RATIONALE FOR REQUEST

Due to the Plaintiff's inability to satisfy rule 4, section E, subsection 2's three listed options, the Plaintiff proposes the court authorize alternative service under District of Columbia Superior Court Rule of Civil Procedure 4, section E, subsection 3. The diligent effort requirement is met by the attempts documented above, and the methods proposed below are reasonably calculated to give Defendant actual notice of the action. In the alternative, because service would be made in Texas, the same relief is available under Texas Rules of Civil Procedures, specifically rule 106 Section B which states '*in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit*.' In 2020 modernization efforts were made to allow for the changing

landscape of communication and the following was revised: "*Rule 106 is revised in response to section 17.033 of the Civil Practice and Remedies Code, which calls for rules to provide for substituted service of citation by social media. Amended Rule 106(b)(2) clarifies that a court may, in proper circumstances, permit service of citation electronically by social media, email, or other technology.*" It further says in determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology.

Calling attention to the text "*consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology*" Plaintiff submits that this situation specifically satisfies both aspects as conclusively as possible. This would satisfy alternative service via an entity he controls and regularly uses.

The proposed methods of service satisfy the required standard set forth in Mullane v. Central Hanover Bank & Trust Co. 339 U.S. 306, 314 (1950), because they are reasonably calculated, under the circumstances, to apprise Defendant of the pending nature of this action and afford him an opportunity to respond. In the case In re Aputure Imaging Industries Co., Ltd., No. 2024-103 (Fed. Cir. Jan. 26, 2024), the Federal Circuit declined to disturb a District Court's order permitting substituted service by email to the defendant's legal counsel under Texas Rule of Civil Procedure 106 Section B, incorporated through Federal Rule of Civil Procedure 4, section E, subsection 1. That is the same Rule 4, section E, subsection 1 mechanism proposed here, applied there through the Texas rule. The plaintiff in that case had made several unsuccessful attempts at

physical service before the district court authorized the alternative. To be candid with the court, the appeals court in the Aputure case did not rule on whether the service order was correct. The defendant asked the appeals court to undo the order and the appeals court declined. The order is also marked nonprecedential. Plaintiff offers it only to show that a district court recently allowed this same procedural path. In addition, in the case Mhmoud v. Cheetah X Inc. No. 25-cv-00198 (N.D. Cal. June 25, 2025) , a plaintiff was granted (through California's equivalent)  alternative service after seven failed attempts at the defendant's secured residence where a security guard confirmed the defendant was aware of the service attempts but remained inaccessible. The court authorized service by posting, certified mail, and email as methods reasonably calculated to provide actual notice.

The Plaintiff's request of the court is twofold:

a)  Allow for parallel service, the first track for service upon Defendant through X Corp's registered agent in the state of Texas. Defendant does not only maintain an account on the social media platform but he owns it. The logical determination for this is that Defendant acquired Twitter, Inc. in October 2022, with Defendant serving as its Chairman and CTO. Then on March 28th, 2025, Defendant's other company, xAI, acquired Twitter with shares exchanged for a new holding company, X.AI Holdings Corp. Following this on February 2nd, 2026, Defendant's company, SpaceX, acquired X.AI. As of this filing, Twitter is a wholly owned subsidiary of the SpaceXAI division of SpaceX. Defendant has been the controlling principal at every level of this corporate chain from acquisition through the present and presented himself as such. As to the second

factor, Defendant is the most prominent individual user of the platform. He posts publicly from the verified @elonmusk account. To clarify, Plaintiff will not make any public notice of service, rather just via private contact methods for the platform's normal legal intake via email and state registered agent.

b) In addition, physical service would be attempted on Quinn Emanuel Urquhart & Sullivan, LLP, as Defendant's known counsel.

A proposed Order accompanies this Motion.

Dated: June 15th, 2026

Respectfully submitted,

_____

Daniel J. Berulis

**CERTIFICATE OF SERVICE**

I hereby certify that on 6/15/2026, a copy of the Motion was filed with the court. Because Defendant has not yet been served with process in this action and no attorney has entered an appearance on Defendant's behalf, no service of this motion on Defendant is possible

or required at this time.

_____

Daniel J. Berulis