**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DANIEL BERULIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 1:26-cv-01319-RC |
| ELON MUSK, | * | |
| | * | |
| Defendant. | * | |
| | * | |

*     *     *     *     *     *     *     *     *     *     *     *

**PLAINTIFF'S NOTICE OF COMPLETED CERTIFIED MAIL DELIVERY AND SUPPLEMENTAL EVIDENCE IN SUPPORT OF PENDING MOTIONS**

Plaintiff, Daniel Berulis, respectfully submits the completed certified mail delivery described in paragraph 6 of his July 13th, 2026 Motion to Deem Service Effected or, in the Alternative, to Extend Time to Complete Service (Electronic Case Filing docket item #15). This Notice supplements that motion and his June 15th, 2026 Motion for Service in the Alternative (Electronic Case Filing docket item #13), both pending.

**MAILING OF THE SUMMONS**

On or about July 21st, 2026, Texas certified process server John D. Lawrence (PSC #15777) mailed the summons and complaint to Defendant by USPS certified mail, return receipt requested. Plaintiff requested the original service packet be sent to include the complaint, exhibits, and stamped summons.

The process server obtained Defendant's Texas DPS license record and reported that USPS could not deliver to the address as listed. He compared the lot in the Cameron

County appraisal record to confirm it was the same property and used the deliverable, USPS validated address that record showed to mail.

USPS records show delivery on July 25th, 2026, marked "Delivered to Agent, Front Desk/Reception/Mail Room," in Brownsville, TX 78521. Starbase lies within the Brownsville postal delivery area and shares that ZIP code. The signed green card was returned.

Attached as Exhibit 3A is Lawrence's completed and signed return, identifying the documents mailed, mailing and delivery dates, and tracking number, with four USPS pages including the certified mail receipt, tracking record, and both sides of the signed return receipt. Exhibit 3B is the Cameron County property record screenshot. Addresses are redacted for Defendant's privacy and safety. Plaintiff will provide unredacted copies under seal at the Court's request or direction.

**PLAINTIFF'S POSITION AND REQUEST**

Electronic Case Filing docket item #15 described the mailing under Texas Rule of Civil Procedure 106, section A, subsection 2, through Federal Rule of Civil Procedure 4, section E, subsection 1. Texas Rule 107, section C requires the addressee's signature. Plaintiff does not claim this mailing completed service under that rule. The request in Electronic Case Filing docket item #15 to deem service effected still rests on the June 24th, 2026 delivery through counsel.

Plaintiff also does not claim that USPS's "Delivered to Agent" status establishes authority to receive service of process under Federal Rule 4, section E, subsection 2, part C. Authority to receive mail is distinct from authority to receive process. (As found in *Cruz-Packer v. District of Columbia* in D.D.C. in 2008) (And applied in a similar fashion

in *Hardy v. Joseph I. Sussman, P.C.* in D.D.C. in 2013) Plaintiff does not ask the Court to identify the signer.

In *Cruz-Packer*, wrongly signed receipts for the individual defendants came back with most of the service period remaining, and the plaintiff made no further effort to perfect service. In this case, Plaintiff moved for an extension before the July 16th, 2026 ninety day deadline under Federal Rule 4, section M and continued service efforts. The July 25th delivery occurred after that deadline and adds to the diligence supporting the pending extension request. Plaintiff believes the record in this case shows the diligence the Court found missing there.

The delivery shows that certified mail addressed to Defendant is accepted at his residence. Plaintiff offers it as evidence that the proposed method is reasonably calculated to give actual notice under D.C. Superior Court Civil Rule 4, section E, subsection 3, through Federal Rule 4, section E, subsection 1. The prior attempts documented in Electronic Case Filing docket item #13 supply the diligence required by that rule.

In *Sanchez v. Yu Lin Corp.*, No. 21-cv-2119, Electronic Case Filing docket item #10 in D.D.C. on September 30th, 2022, the court authorized USPS Priority Mail for individual defendants where cooperation with certified mail was unlikely, with proof by an affidavit attaching USPS delivery confirmation.

## SUPPORTING DECLARATION

I, Daniel J. Berulis, declare under penalty of perjury under 28 U.S.C. 1746 that Exhibit 3B is a true copy of the record I received from John D. Lawrence on July 18th, 2026, with the address redacted, and Exhibit 3A contains true copies of the documents I received from him and USPS, with addresses redacted before submission.

Executed on: ___September 14th, 2026____

Respectfully submitted,

_______________________________

Daniel J. Berulis

(Address on file under seal with the Clerk of Court)

**CERTIFICATE OF SERVICE**

I certify that on Monday, September 14th, 2026, this Notice and all exhibits were filed with the Court and mailed by USPS first class mail to Defendant at the same residence described above, the property identified in the sealed address notice accompanying Electronic Case Filing docket item #13. The address is redacted publicly. An unredacted copy is available under seal on request. No attorney has entered an appearance for Defendant as of filing, so there is no counsel of record to serve.

_______________________________

Daniel J. Berulis

(Address on file under seal with the Clerk of Court)