**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| DANIEL BERULIS, | : | | |
| Plaintiff, | : | Civil Action No.: | 26-cv-01319 |
| v. | : | Re Document Nos.: | ECF No. 13, 15 |
| ELON MUSK, | : | | |
| Defendant. | : | | |

# MEMORANDUM OPINION

## GRANTING PLAINTIFF'S MOTION FOR SERVICE IN THE ALTERNATIVE; GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DEEM SERVICE EFFECTED OR, IN THE ALTERNATIVE, TO EXTEND TIME TO COMPLETE SERVICE

## I. INTRODUCTION

*Pro se* Plaintiff Daniel Berulis ("Mr. Berulis") brings this action against Defendant Elon Musk. Pending before the Court are two motions filed by Mr. Berulis: (1) a motion to allow service in the alternative, and; (2) a motion to deem service effectuated, or in the alternative, to extend time to complete service. For the reasons below, the Court grants Mr. Berulis's motion for service in the alternative, denies the motion to deem service effectuated, and grants Mr. Berulis's request to extend time to complete service.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Berulis is a resident of Maryland who brings this action against Mr. Musk, a resident of Texas. Compl. ¶ 6. The action stems from Mr. Musk's alleged X post, where he shared Mr. Berulis's photograph, full name, and a statement that Mr. Berulis had filed a false whistleblower claim. *Id.* ¶¶ 1–3. Specifically, Mr. Berulis brings claims of defamation, defamation by

implication, intentional infliction of emotional distress, and negligent infliction of emotional distress. *Id.* ¶¶ 41–72.

Mr. Berulis filed his Complaint on April 17, 2026. *Id.* at 1. He subsequently attempted to effect service of process upon Mr. Musk on several occasions:

- On May 26, 2026, a certified process server attempted to serve Mr. Musk at a business address for Starlink, a subsidiary of one of Mr. Musk's companies, SpaceX. Mot. for Service in the Alternative ("Mot. for Alt. Service") ECF No. 13, at 3; Mot. to Deem Service Effected ("Mot. to Deem") ECF No. 15, at 1. Ultimately, service was unsuccessful as the address information available was inaccurate. Mot. to Deem at 1.
- On May 28, 2026, a certified process server attempted to serve Mr. Musk at his Texas Department of Motor Vehicles ("DMV") listed address. Mot. for Alt. Service at 2. The process server was unable to gain entry to the residence as it was located in a gated community accessible only to residents and guests. *Id.*
- On May 30, 2026, a certified process server attempted to serve Mr. Musk in the same way as on May 28. *Id.* This attempt yielded the same result. *Id.*
- On June 2, 2026, a certified process server attempted to serve Mr. Musk at the same DMV listed address. *Id.* at 2–3. This time, the process server was able to tailgate another vehicle into the gated community and reach the residence. *Id.* There, he was met by a woman who claimed Mr. Musk did not live there. *Id.* at 3. The process server also noted that a vehicle registered to SpaceX was present at the residence. *Id.*
- On July 21, 2026, a certified process server mailed the summons and complaint to Mr. Musk's Department of Public Service listed address. Notice of Certified Mail Delivery ("Not. of Delivery") ECF No. 16, at 1–2. The documents were sent by certified mail, return receipt requested, and were delivered on July 25, 2026. *Id.*

In addition to these attempts, Mr. Berulis tried to contact Mr. Musk's legal counsel at Quinn Emmanuel Urqhart & Sullivan, LLP ("Quinn Emmanuel"). Mot. for Alt. Service at 3–4. Specifically, between May 17 and May 27, 2026, Mr. Berulis sent two emails and placed one phone call asking whether Alex Spiro and John Bash, attorneys at Quinn Emmanuel, were

authorized to accept service on Mr. Musk's behalf.[1] *Id.*; ECF No. 13-2, at 5–8. On June 22, 2026, Mr. Berulis mailed a waiver of service by FedEx to Mr. Spiro, and delivery was confirmed on June 24, 2026. Mot. to Deem at 2.

Mr. Berulis filed his motion for service in the alternative on June 15, 2026, and his motion to deem service effected on July 13, 2026.

## III. LEGAL STANDARD

### A. Federal Service Rules

Federal Rule of Civil Procedure 4(e) governs service of an individual within a judicial district of the United States. It permits service by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

Alternatively, Rule 4(e) permits service by "following state law for serving a summons" in "the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Because this Court sits in the District of Columbia and Mr. Berulis seeks to effect service in Texas, he may rely on the service rules of either jurisdiction. The District of Columbia rules provide an adequate basis for resolving Mr. Berulis's requests, so the Court does not separately address Texas law.

---

[1] Mr. Bash and Mr. Spiro represent Mr. Musk in *Morand v. Tesla, Inc. et al.*, No. 25-cv-1213 (W.D. Tex.). Mr. Spiro represents Mr. Musk in *Pampena v. Musk*, No. 3:22-cv-5937 (N.D. Cal.); Mot. for Alt. Service at 3.

### B. Alternative Service of Process Under DC Law

Prescribed methods of service under DC law include personal service, registered or certified mail, first-class mail with notice and acknowledgement, leaving a copy at the defendant's home with someone of suitable age, or delivery to an authorized agent. Super. Ct. Civ. R. 4(c)(4)–(5), (e)(2)(A)–(C). "If the court determines that, after diligent effort, a party has been unable to accomplish service by a [prescribed] method," DC Superior Court Rule of Civil Procedure 4(e)(3) allows for alternative service. *Id.* 4(e)(3)(A). The rule identifies three examples of alternative service: delivery to an employer and leaving the summons with a clerk or someone else in charge, transmitting a copy by email, and "any other method the court deems just and reasonable." *Id.* 4(e)(3)(B) (i–iii).

Regardless of the method authorized, service must be "reasonably calculated to give actual notice of the action to the party to be served." *Id.* 4(e)(3)(A). This requirement accords with due process, which demands that service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Make the Rd. N.Y. v. Mullin*, 179 F.4th 16, 33 (D.C. Cir. 2026) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

## IV. ANALYSIS

The Court first evaluates whether Mr. Berulis has properly effected service on Mr. Musk and, if not, whether an extension of time to effect service is warranted. After that, the Court considers Mr. Berulis's request for authorization to serve Mr. Musk by alternative means.

### A. Motion to Deem Service Effected

Mr. Berulis asks the Court to deem service effected based on the June 24, 2026, delivery of the summons, complaint, and other case materials to Mr. Spiro of Quinn Emmanuel, who has

allegedly represented Mr. Musk in other proceedings. *See* Mot. to Deem at 2–3; Mot. for Alt. Service at 3. Mr. Berulis had previously contacted the firm to ask whether it was authorized to accept service on Mr. Musk's behalf but received no response. Mot. for Alt. Service at 3–4. He subsequently sent Mr. Spiro a formal request for waiver of service under Federal Rule of Civil Procedure 4(d). Mot. to Deem at 2. Although Rule 4(d) permits a plaintiff to request that a defendant waive formal service, the defendant must sign and return the waiver, which the plaintiff must then file with the court. *See* Fed. R. Civ. P. 4(d)(1)–(2), (4). Mr. Musk did not sign and return the waiver here.

Nor did delivery to the firm independently satisfy Rule 4(e)(2)(C), which permits service by delivering the summons and complaint to "an agent authorized by appointment or by law to receive service of process." *Id.* 4(e)(2)(C). As this Court "and numerous others, have held [,] an attorney's representation of a client does not make the attorney an agent for receiving service of process." *Stallard v. Goldman Sachs Group, Inc.*, No. 20-2703 (RBW), 2022 WL 59395, at *5 (D.D.C. Jan. 6, 2022) (citation omitted). Rather, the plaintiff bears the burden of proving that the attorney was authorized "implicitly or explicitly, to receive service." *Id.* at *6. Mr. Berulis has not made that showing here. To the contrary, his own filings reflect that he asked whether the firm was authorized to accept service but received no affirmative response. Mot. for Alt. Service at 4. Accordingly, the Court denies Mr. Berulis' request to deem service effected.

**B. Extension of Time to Effect Service of Process**

Mr. Berulis alternatively requests fourteen additional days to effect service if the Court declines to deem service already effected. Mot. to Deem at 3. Federal Rule of Civil Procedure 4(m) requires the Court to extend the regular service deadline beyond 90 days from the filing of the complaint if the plaintiff can "show[] good cause for the failure [to effectuate service]." Fed.

R. Civ. P. 4(m). Good cause exists when "some outside factor . . . rather than inadvertence or negligence, prevented service." *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012) (quoting *Lepone–Dempsey v. Carroll Cnty. Com'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). To establish good cause, a plaintiff must demonstrate both that that they exercised "a reasonable amount of diligence in determining . . . how to effect service," *Prunte v. Universal Music Grp.*, 248 F.R.D. 335, 338–39 (D.D.C. 2008), and that circumstances "beyond their control prevented them from effecting service," *Penn v. District of Columbia*, No. CV 22-0745 (CKK), 2023 WL 143338, at *5 (D.D.C. Jan. 10, 2023) (cleaned up).

Here, the Court concludes that Mr. Berulis has shown good cause. First, he exercised reasonable diligence in attempting to effect service. Shortly after the summons issued, he began making repeated efforts to serve Mr. Musk. *See supra* Part II, Factual and Procedural Background. Those efforts include attempting service on three separate occasions at the residential address listed in Mr. Musk's Texas DMV records and contacting attorneys that represent Mr. Musk on active litigation matters. *See* Mot. for Alt. Service at 2–4. These efforts demonstrate that Mr. Berulis took reasonable steps to try to serve Mr. Musk. *See*, *e.g.*, *Robinson v. Ergo Sols., LLC*, 10 F. Supp. 3d 157, 162 (D.D.C. 2014) (finding reasonable diligence where the plaintiff made multiple unsuccessful attempts to serve the defendant's registered agent at his listed residence through a process server); *United States v. Tobins*, 483 F. Supp. 2d 68, 78 (D. Mass. 2007) (finding diligence where the government made attempts to verify the defendant's address, attempted service at that address, and conducted additional searches to locate the defendant after those attempts proved unsuccessful).

Second, circumstances beyond Mr. Berulis's control impeded his efforts to effect service. For example, his attempts to serve Mr. Musk at the address listed in Mr. Musk's DMV records

were thwarted in part by restricted access to the gated community where the property is located. *See* Mot. for Alt. Service at 2–3. Courts have recognized that external obstacles to locating a defendant may establish good cause when a plaintiff has otherwise acted diligently. *See*, *e.g.*, *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003) (good cause was shown when defendant police officer was not served in a timely fashion because his home address was difficult to find due to safety concerns). This is therefore not a case in which the failure to effect timely service resulted from inadvertence or neglect.

Because Mr. Berulis has shown good cause, the Court grants his request to extend the service deadline. Mr. Berulis shall effect service on Mr. Musk on or before December 7, 2026.

**C. Alternative Service is Warranted Due to Mr. Berulis's Diligent Attempts at Service**

Mr. Berulis also asks the Court to allow alternative service based on his repeated efforts to serve Mr. Musk. Mot. for Alt. Service at 5. D.C. Superior Court Civil Rule 4(e)(3) permits alternative service when, "after diligent effort[s], [the plaintiff] has been unable to accomplish service by a [prescribed] method. . . ." Super. Ct. Civ. R. 4(e)(3)(A). The rule does not require a plaintiff to exhaust every available method of ordinary service; rather, the question is whether the plaintiff has made "diligent, good-faith efforts" to accomplish service. *Teamsters Loc. 639-Emps. Health Tr. Fund v. Couplin*, No. 25-cv-1835, 2026 WL 2268467, at *3 (D.D.C. Aug. 6, 2026).

Mr. Berulis has satisfied the requisite diligence. As discussed above, he made several verifiable attempts to serve Mr. Musk, including repeated attempts at personal service at the residential address listed in Mr. Musk's Texas DMV records. *See* Mot. for Alt. Service at 2–3.

He also contacted attorneys who have represented Mr. Musk in other proceedings to determine whether they were authorized to accept service on his behalf and later mailed a waiver

of service request. *See* Mot. for Alt. Service at 3–4; Mot. to Deem at 2. Although those attempts did not themselves constitute service, they further demonstrate Mr. Berulis's efforts to serve Mr. Musk. Taken together, Mr. Berulis' efforts establish the diligence required by Rule 4(e)(3(A). The Court therefore concludes that alternative service is warranted.

**1. Methods of Alternative Service**

Having concluded that alternative service is warranted, the Court must determine what methods of alternative service are "reasonably calculated to give actual notice of the action" to Mr. Musk. Super. Ct. Civ. R. 4(e)(3)(A). Permissible methods include (1) "delivering a copy to the individual's employer"; (2) "transmitting a copy to the individual by electronic mail"; and (3) "*any* other manner that the court deems just and reasonable." *Id.* 4(e)(3)(B) (i–iii) (emphasis added).

Mr. Berulis proposes two methods. First, he seeks to serve Mr. Musk through X Corp.'s registered agent in Texas and the company's private legal intake email. Mot. for Alt. Service at 7–8. Second, he asks to serve Mr. Musk through Quinn Emmanuel. *Id.* at 8. The Court addresses each proposed method in turn and concludes that certain methods are reasonably calculated to provide Mr. Musk with actual notice of this action. The Court therefore authorizes Mr. Berulis to effect service through those methods and requires him to employ each authorized method.

**i. X Corp.'s Registered Agent in Texas and Legal Intake Email**

Courts considering alternative service have recognized that service through a corporation's registered agent is reasonably calculated to provide notice to an individual defendant who maintains a significant connection to the corporation. *See, e.g.*, *Morningstar v. Dejun*, No. CV 11-00655 DDP VBKX, 2013 WL 502474, at *1 (C.D. Cal. Feb. 8, 2013)

(authorizing alternative service under Federal Rule of Civil Procedure 4(f) through the registered agent of a corporation for which foreign defendants served as officers, after concluding that such service comported with due process and did not violate international agreements); *Minshall v. Johnston*, 417 P.3d 957, 962 (Colo. App. 2018) ("If the defendant were an active participant in the affairs of the corporation, service on the corporation's registered agent might be 'reasonably calculated to give actual notice' to the defendant.").

Here, Mr. Berulis alleges that Mr. Musk acquired X, served as its Chairman and Chief Technology Officer, and has remained "the controlling principal . . . through the present and presented himself as such." Mot. for Alt. Service at 7. Although Mr. Berulis's motion does not contain evidence substantiating these assertions, they are consistent with the Complaint's allegations concerning Mr. Musk's ownership of X and the information in the accompanying exhibits. *See* Compl. ¶¶ 19, 74; Exhibit K, ECF 1-1 at 13. Moreover, a recent annual report filed with the Securities and Exchange Commission confirms that Mr. Musk served as X Corp's Chief Technology Officer and a member of its board from October 2022 through its March 2025 merger with X.AI Corp., after which he served as President, Treasurer, Chief Executive Officer, and a member of the board of the resulting parent company, X.AI Holdings Corp. Tesla, Inc., Annual Report (Form 10-K/A) (April 30, 2026), https://www.sec.gov/Archives/edgar/data/1318605/000110465926053166/tm2611837d1_10ka.htm [https://perma.cc/599Y-PBR6] (last visited Oct. 27, 2026).[2] Taken together, these materials indicate that Mr. Musk has maintained a substantial and active role in X Corp. Given his close

---

[2] Courts in this jurisdiction frequently "take judicial notice of information posted on official public websites of government agencies." *Pharm. Rsch. & Manufacturers of Am. v. United States Dep't of Health & Hum. Servs.*, 43 F. Supp. 3d 28, 33 (D.D.C. 2014).

relationship to the company, the Court concludes that service through the company's registered agent would give Mr. Musk actual notice of the action.

The Court, however, declines to authorize Mr. Berulis's proposed service through X Corp.'s private legal intake email. Although courts have recognized that service through a corporation's registered agent may be reasonably calculated to provide notice to an individual defendant with substantial ties to the corporation, Mr. Berulis identifies no comparable authority supporting service through a corporation's legal intake email. Nor does the record otherwise establish that the proposed email method is reasonably calculated to provide Mr. Musk with notice of this action.

Accordingly, the Court authorizes and requires Mr. Berulis to effect alternative service by having a process server serve the summons, Complaint, and the order affixed to this memorandum opinion to X Corp.'s registered agent in Texas, with instructions to forward those documents to Mr. Musk.

**ii. Quinn Emmanuel**

Courts have found that alternative service through "a defendant's United States counsel in another case is sufficient to satisfy due process and comports with Rule 4 [of the Federal Rules of Civil Procedure] because it is a method reasonably calculated to apprise the defendant of the action." *Altthearidge LLC v. CipherLab USA, Inc.*, No. 2:26-CV-00308-JRG, 2026 WL 2031764, at *1 (E.D. Tex. Jul. 14 2026); *see also Fematt v. City of Chicago*, No. 11–cv–1530, 2011 WL 2415340, at *3 (N.D. Ill. Jun. 10 2011) ("[C]ourts have indicated that service on an attorney for the defendant may suffice as a comparable method when service through the traditional methods is impractical," and that "it is reasonable to believe that an attorney would advise his client that he had been served on the client's behalf.") (cleaned up). In determining

whether such service is appropriate, courts have considered whether the attorney is actively representing the defendant and whether the attorney maintains regular contact with him. *See Raza Telecom, Inc. v. Oblio Telecom, Inc.*, No. 09-C-1525, 2010 WL 3238831, at *2 (N.D. Ill. Aug. 12, 2010) ("[A]n attorney's authority to act for a client terminates when the matter for which he has been retained ends[.]"); *In re Heckmann Corp. Sec. Litig.*, No. CA 10-378-LPS-MPT, 2011 WL 5855333, at *4 (D. Del. Nov. 22, 2011). Courts have also authorized multiple methods of service through counsel. *See, e.g.*, *Florkevicz v. Curcio*, No. 25-CV-2316 (SDW) (SDA), 2025 WL 3496744, at *4 (D.N.J. Dec. 5, 2025) (authorizing alternative service on an individual defendant through counsel representing her in a pending state-court action via several means, including email).

In this case, Mr. Berulis identifies two attorneys at Quinn Emmanuel, Mr. Bash and Mr. Spiro. Mot. for Alt. Service at 3–4, 8. Both attorneys are currently representing Mr. Musk on active matters in federal court, *see* Part II, Factual and Procedural Background, so the Court concludes that alternative service through Mr. Bash and Mr. Spiro is reasonably calculated to provide Mr. Musk with actual notice of this action.

Accordingly, the Court authorizes and requires Mr. Berulis to effect alternative service by having a process server serve the summons, Complaint, and the order affixed to this memorandum opinion to Mr. Spiro and Mr. Bash at Quinn Emmanuel, and by having the process server transmit copies to Mr. Spiro and Mr. Bash via their Quinn Emanuel email addresses.

## V. CONCLUSION

For the foregoing reasons, Mr. Berulis's Motion for Service in the Alternative (ECF No. 13) is **GRANTED**; and his Motion to Deem Service Effected or, in the Alternative, to Extend

Time to Complete Service (ECF No. 15) is **GRANTED** in part and **DENIED** in part. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: November 23, 2026

RUDOLPH CONTRERAS
United States District Judge